IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS GIEGLER,

    Plaintiff,

v.

NANCY STURM, PORCHIA LEWAND, JEFFREY KREMER, GINA STANISLOWSKI, MARK TISHBERG, HETTY FLORES, ARIC KUBACKI, and CARLY ALVEREZ,

    Defendants.

OPINION AND ORDER

Case No. 18-cv-382-wmc

---

Plaintiff Thomas Giegler brings this proposed civil action under 42 U.S.C. § 1983, claiming that the proceedings leading up to his criminal convictions violate his constitutional rights. He is seeking both monetary damages and various forms of injunctive relief, including his release from custody. Having been permitted to proceed *in forma pauperis*, Giegler's complaint requires screening. 28 U.S.C. § 1915(e)(2).[1] For the reasons that follow, Giegler's complaint will be dismissed without prejudice.

---

[1] As reflected below, the court also supplements the allegations in the complaint with dates and information about plaintiff's underlying criminal cases from the electronic docket available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov. The court draws all other allegations of fact from plaintiff's complaint and supplement, viewing the record in a light most favorable to plaintiff. *See* Fed. R. Civ. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider them to determine whether plaintiff has stated a claim).

# ALLEGATIONS OF FACT[2]

### A. Parties

Plaintiff Thomas Giegler is currently incarcerated at the Milwaukee House of Corrections, in Franklin, Wisconsin. Giegler names eight defendants, four of which are government employees: Nancy Sturm is a Milwaukee County Court Commissioner; Porchia Lewand is a Milwaukee County district attorney; Jeffrey Kremer is a Milwaukee County Judge; and Gina Stanislowski is a parole officer. The remaining four named defendants are not government employees: Mark Tishberg was Giegler's attorney for a portion of his criminal proceedings, Hetty Flores is Giegler's ex-girlfriend, and Aric Kubacki and Carly Alverez appear to be associates of Flores.

### B. Criminal Proceedings

While Giegler does not provide the case number of the criminal proceedings he outlines in his complaint, it is apparent that he is describing the criminal cases *State v. Giegler*, Case No. 2017CM2090 (Milwaukee Cty. filed Aug. 3, 2017), and *State v. Giegler*, Case No. 2017CF4846 (Milwaukee Cty filed Oct. 20, 2017), available at https://wcca.wicourts.gov (last visited May 14, 2019).

In Case No. 2017CM2090, Giegler was charged on August 3, 2017, with violating Wis. Stat. § 813.12(8) (knowingly violating a domestic abuse order), and Wis. Stat. § 947.01(1) (disorderly conduct). The offense date listed for both charges is July 29, 2017. On October 18, 2018, a jury found Giegler guilty on both charges. On January 10, 2019,

---

[2] In addressing any pro se litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

he was sentenced to one year of confinement in prison, to be followed by one year of extended supervision. Giegler's request for post-conviction relief has been denied, and it appears that he may be attempting to appeal the Milwaukee County Circuit Court's denial of his motion seeking post-conviction relief. *State v. Giegler*, Case No. 2019xx337-CR (Wis. Ct. App. filed Feb. 25, 2019).

In Case No. 2017CF4846, Giegler was charged with one count of violating Wis. Stat. § 940.45(4) (intimidating a victim), and three counts of violating Wis. Stat. § 813.12(8)(a) (knowingly violating a domestic abuse order). On October 17, 2018, this case was dismissed with prejudice at the state's request, since the essential witness to those particular charges died. *Id.* It appears that the witness was Flores.

**C. Allegations in Complaint**

In this lawsuit, Giegler claims that the events surrounding his arrests and the charges filed in Case Nos. 2017CM2090 and 2017CF4846 violated his constitutional rights. Giegler alleges that on July 12, 2017, following a dispute with Flores, he called the West Allis Police Department, hoping to have the police escort Flores out of his house. Instead, Giegler was arrested for disorderly conduct and taken to the police station, and Stanislowski placed a probation hold on him, allegedly without justification. Giegler further claims that Stanislowski did not schedule a revocation hearing during his time in custody while he was facing charges.

At some point during his time in jail, Sturm granted Flores's request for a temporary restraining order that restricted his ability to come close to her. Giegler also adds that, while he was in jail, Stanislowski and Lewand authorized interception of a phone call he

3

had with his daughter on July 29, 2017, which resulted in the charge of violating the temporary restraining order. Later, on August 1, 2017, Sturm issued a final injunction.

Giegler complains that during the course of his criminal proceedings, Judge Kremer and D.A. Lewand violated his constitutional rights because they fired his attorney, Mark Tishberg, and because his case was delayed unnecessarily. He also claims that Tishberg performed inadequately when he was representing him.

Besides describing the proceedings related to the restraining order and his criminal charges, Giegler claims that while he was in jail, Flores, Kubacki and Alverez subsequently sold his property and took over his home.

OPINION

Plaintiff seeks to proceed under § 1983 on a theory that his criminal prosecution and the subsequent fallout violated his state and federal rights. As an initial matter, he cannot sue Tishberg, Flores, Kubacki or Alverez under § 1983 because none of them are state actors. *See Lugar v. Edmundson Oil co.*, 457 U.S. 922, 937 (1982) ("[T]he party charged with the deprivation must be a person who may fairly be said to be a state actor" or a state official who "has acted with or has obtained significant aid from state officials," or whose "conduct is otherwise chargeable to the State."). To the extent plaintiff is seeking to sue these individuals under state law, the court lacks diversity jurisdiction over such a claim because he alleges that all of the defendants, like Giegler, are Wisconsin citizens. *See* 28 U.S.C. § 1332.

As for the remaining defendants, plaintiff challenges the circumstances leading up

to his convictions in Case No. 2017CM2090, and he is seeking monetary relief as well as various forms of injunctive relief, including his release from custody. Yet none of this relief is available to him in this lawsuit. For one, release from custody may only be granted pursuant to a writ of habeas corpus under 28 U.S.C. § 2254. "When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). While Giegler is free to file a petition pursuant to § 2254, he should be aware that such a petition would have to be dismissed immediately unless he can show that he has presented his claims to the Wisconsin courts and has been denied relief at the trial and appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, § 2254(b)(1)(B).

Moreover, plaintiff's request for monetary damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that for a plaintiff to recover damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486-87. A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.*

Giegler's claims against the remaining defendants appear to challenge the validity of the temporary restraining order and his probation hold. However, he does not allege that his convictions in Case No. 2017CM2090 have been overturned; indeed, his request for release from custody, not to mention the publicly available record of Case No. 2017CM2090, confirm the opposite. As such, *Heck* precludes him from pursuing damages for the circumstances surrounding his initial arrest and time spent in custody pending his criminal trial, and this action will be dismissed as frivolous. *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1994) (a complaint barred by *Heck v. Humphrey* is considered legally frivolous and counts as a "strike" under 28 U.S.C. § 1915(g)).

While claims barred by *Heck* are dismissed without prejudice, the court is dismissing the claims against Sturm, Kremer and Lewand *with prejudice*. Indeed, as a court commissioner, judge and prosecutor, these defendants are immune from damages here. *See* U.S. Const. amend. XI (barring claims against the State); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (explaining that judges are entitled to absolute immunity; "judicial immunity is not overcome by allegations of bad faith or malice").

While it appears as though Stanislowki also is immune from damages, the court is dismissing this defendant without prejudice in these circumstances. Indeed, probation officers are entitled to absolute immunity "for their activities that are analogous to those performed by judges," which includes the "decision to grant, revoke, or deny parole, or the signing of an arrest warrant," *Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005)

6

(citation omitted), as well as the decision to place a "parole hold," *Smith v. Gomez*, 550 F.3d 613, 619 (7th Cir. 2008). While Giegler cannot pursue a claim against Stanislowski for placing a probation hold on him, plaintiff *also* alleges that Stanislowski inappropriately intercepted his phone calls while he was in jail, which could support a Fourth Amendment claim. As such, the court cannot conclude that Stanislowski would be absolutely immune from damages for that action, so the court is dismissing this defendant without prejudice. Therefore, if Giegler is able to successfully challenge his criminal conviction through a state or federal post-conviction proceeding, he will not be precluded from renewing his claim against Stanislowski at that point.

ORDER

IT IS ORDERED that:

1. Plaintiff Thomas Giegler is DENIED leave to proceed and this lawsuit is dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

2. Defendants Sturm, Lewand, Kremer, Tishberg, Flores, Kubacki and Alverez are DISMISSED with prejudice, and defendant Stanislowski is DISMISSED without prejudice.

3. The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered this 14th day of May, 2019.

                BY THE COURT:

                /s/

                _____
                WILLIAM M. CONLEY
                District Judge